IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01087-WYD-BNB

JENNIFER LATHAM, individually and as mother and natural guardian of
EDEN LATHAM;
and JACKSON LATHAM, minors,

    Plaintiffs,

v.

ASSURANT HEALTH;
ASSURANT, INC.;
FORTIS INSURANCE COMPANY;
TIME INSURANCE COMPANY; and
JENNIFER G. SMITH,

    Defendants.

## ORDER OF REMAND

THIS MATTER is before the Court on the Defendants' Second Notice of Removal (docket #1), filed May 22, 2008. By way of background, on December 8, 2006, the Defendants initially removed this action to the United States District Court for the District of Colorado. However, on October 10, 2007, United States District Judge Richard P. Matsch entered an order remanding the action back to the District Court for the County of Boulder, Colorado.

In support of their Second Notice of Removal, the Defendants state that they obtained supplemental information pertaining to the bankruptcy of Defendant Smith which provides grounds for this second removal. (Second Notice of Removal at 2.) Specifically, the Defendants state that on November 10, 2006, Defendant Smith filed a

voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code for the District of Colorado, and on March 26, 2007, Defendant Smith voluntarily converted her Chapter 13 petition to a Chapter 7 petition, Case No. 06-18268-MER. The Defendants argue that the claims in the instant action arose prior to or during the pendency of the bankruptcy proceedings. The Defendants further claim that this matter is related to the bankruptcy proceeding in that it will have an effect on the bankruptcy estate. (Second Notice of Removal at 2.)

After carefully reviewing the pleadings and the relevant case law, I find that this case must be remanded for failure to comply with the requirements set forth in 28 U.S.C. § 1446. First, the Defendants failed to timely file their Second Notice of Removal. 28 U.S.C. § 1446(b) reads as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

*Id.* Here, the Defendants state that on April 21, 2008, they "first learned of the filing of the bankruptcy petition by performing a routine bankruptcy search on PACER Service Center." (Second Notice of Removal at 3.) Thus, the Second Notice of Removal was

required to have been filed with this Court on May 21, 2008 as set forth in 28 U.S.C. § 1446(b).  However, the Second Notice of Removal is docketed as being filed on May 22, 2008, which makes the removal notice untimely.[1]

As an alternate ground for remand, I find that the Defendants failed to comply with the requirements for filing a second notice of removal.  The fact that a case was previously remanded does not, by itself, automatically preclude parties from filing a second notice of removal.  Section 1446(b) permits defendants to file a second notice of removal if subsequent pleadings or events reveal a new and different basis for removal. *See, e.g., Nicholson v. National Accounts, Inc.*, 106 F. Supp. 2d 1269 (S.D. Ala. 2002), *One Sylvan Road N, Assoc. v. Lark Int'l, Ltd.*, 889 F. Supp. 60 (D. Conn. 2002).  The Tenth Circuit has interpreted the second paragraph of § 1446(b)

> to allow a defendant to remove a state action when it was not originally removable as stated by the plaintiff's initial complaint in the state court, but has become removable due to the filing in state court of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable.

*O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974) (internal quotations omitted).  "According to the statute itself, there must be both an amended pleading or paper and a ground for asserting removability that exists for the first time."  *Id.*

Here, the Defendants make no reference to an amended pleading, motion or order that reveals a new basis for removal.  The Defendants merely state that one of the Defendants filed for bankruptcy before this action was ever filed.  Arguably, the

---

[1] I note that the Defendants filed a Motion to Direct Clerk to Enter the Filing Date of Second Notice of Removal as May 21, 2008 (docket #9), which is hereby denied.

Defendants should have known about the bankruptcy filing well before this stage of the litigation as this case was initiated in 2006. The bankruptcy filing did not occur subsequent to the date that this case was initially remanded by Judge Matsch. Further, the Defendants offer no authority in support of their argument that the bankruptcy filing makes removal of this action proper. Moreover, even if I were to find that the bankruptcy filing did confer jurisdiction on this Court, the Second Notice of Removal fails to articulate why the instant matter is related to the bankruptcy proceeding. Instead, the Second Notice of Removal contains one vague sentence that states that this action will necessarily affect the bankruptcy estate. Also, the Defendants fail to point the Court to any reference of the bankruptcy filing in the state court complaint or related pleadings.

Finally, I incorporate by reference Judge Matsch's reasoning in his Order dated October 10, 2007, where he found that diversity jurisdiction does not exist in this matter. Guided by the fact that it appears that the Court lacks subject matter jurisdiction over this action for various reasons, I find that this matter must be remanded to the state court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that Defendants' Motion to Direct Clerk to Enter the Filing Date of Second Notice of Removal as May 21, 2008 (docket #9) is **DENIED.** It is

FURTHER ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, Boulder County, from which the case was removed.

Dated: May 30, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge